# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1680V**

JOSEPH DUSRAJH,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 5, 2026

*Christopher Williams, Siri & Glimstad, LLP, New York, NY, Washington, DC, for Petitioner.*

*Mark Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 17, 2024, Joseph Dusrajh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine received on September 18, 2023. Petition, ECF No. 1. On April 15, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,126.81 (representing $42,223.40 in fees plus $903.41 in costs). Petitioner's Motion for Attorneys' Fees and Costs ("Motion") filed June 26, 2026, ECF No. 38. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 38-4.

Respondent reacted to the Motion on July 10, 2026, indicating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 39.[3] Petitioner filed no reply thereafter.

## ATTORNEY FEES

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs*., 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs*., 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs*., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.

I have reviewed the billing records submitted with Petitioner's request. There are some questions raised as to the work performed by attorney Kathleen Prlich. Ms. Prlich was previously awarded $470.00 per hour for attorney work performed in 2023, and $480.00 per hour for attorney work performed in 2024. *Helm v. Sec'y of Health & Hum.*

[3] Respondent does note, however, in a footnote that one attorney's work in this case, consisting of 7.0 hours, appeared to focus more on medical review and administrative tasks than attorney-related duties.

*Servs*., No. 22-1896V, 2025 WL 2855391, at *2 (Fed. Cl. Spec. Mstr. Sept. 5, 2025). Respondent appears to object to the hourly rates requested for Ms. Prlich's work in this case, arguing that "of the seven hours billed, more than half appear to have been for medical record review or for administrative tasks." Response at 1, fn. 1.

However, these objections do not constitute a basis for deviating from rates already awarded for Ms. Prlich's work in other cases, since the rates reflect prior consideration of her qualifications. I also note that Respondent did not object to Ms. Prlich's requested rates in prior proceedings, and offers no basis for me to depart from what other special masters have found to be reasonable. *See Helm*, 2025 WL 2855391; *see also Hasanovic v. Sec'y of Health & Human Servs*., No. 21-1828V, 2025 WL 1453776 (Fed. Cl. Spec. Mastr. Mar. 13, 2025). I have also awarded Ms. Prlich the requested in rate in another recent decision, and after reviewing the billing entries in this case, see no basis for deviating from that decision. *See Paltrowitz v. Sec'y of Health & Human Servs*., No. 23-1283V, 2026 WL 1399914 (Fed. Cl. Spec. Mstr. April 14, 2026).

Accordingly, I find that the rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and are hereby awarded herein. And I award all time requested as well (and find, to the extent Respondent objects to time spent by Ms. Prlich on arguably non-attorney tasks, that the sum at issue is too *de minimis* to result in a reduction in the present case).

Petitioner has also provided supporting documentation for all claimed costs. ECF No. 38-3 at 1-17. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $43,126.81 (representing $42,223.40 in fees plus $903.41 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master